﻿Citation Nr: AXXXXXXXX
Decision Date: 10/30/20 Archive Date: 10/30/20

DOCKET NO. 190910-48397
DATE: October 30, 2020

ORDER

Entitlement to attorney fees of past-due benefits awarded in a November 2019 rating decision (granting service connection for impairment of the right humerus, assigning a 20 percent rating effective October 3, 2017; service connection for right hip flexion, assigning a non-compensable rating, effective October 3, 2017; and service connection for right hip impairment, assigning a non-compensable rating effective October 3, 2017) is granted.

FINDINGS OF FACT

1. The Veteran’s appointment of the Appellant as his attorney and the associated fee agreement are valid.

2. In a November 2019 rating decision, the Regional Office (RO) granted compensation benefits to the Veteran; a portion of those benefits were withheld due to receipt of retired pay and a former policy prohibition against concurrent receipt of retired and disability pay.

3. The law provides that attorney fees are payable even though compensation is withheld due to retirement pay.

CONCLUSION OF LAW

The criteria for eligibility to payment of attorney fees in the amount of 20 percent of past-due benefits awarded in the November 2019 rating decision have been met. 38 U.S.C. § 5904; 38 C.F.R. § 14.636.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Appellant is the Veteran’s former attorney.

The decision on appeal was issued in November 2019 and constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies.

In December 2019, the Board of Veterans’ Appeal received a VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement) (NOD) from the Appellant electing the Direct Review option as to the calculation of attorney fees as shown in the November 2019 decision (Summary of the Case).

A review of the record discloses that the appellant further seeks attorney fees for past-due benefits awarded in a September 2016 rating decision. This matter is actively pending with the originating agency and an underlying decision, Summary of the Case, has not been issued yet. See Correspondence (October 2016). As such, the appellant’s VA Form 21-0958, Notice of Disagreement, is premature and the Board lacks jurisdiction over that matter since there is not a perfected appeal.

Entitlement to attorney fees of past-due benefits awarded in a November 2019 rating decision

Here, the Appellant asserts his attorney fees should be based on the total amount of benefits awarded to the Veteran, prior to the withholding for retirement pay.

A claimant may have attorney or agent representation for the prosecution of claims for VA benefits. 38 U.S.C. § 5904(a). 

Attorneys and agents may charge claimants or appellants for representation before VA provided: after an agency of original jurisdiction has issued a decision on a claim or claims, including any claim to reopen under 38 C.F.R. § 3.156 or for an increase in rate of a benefit; an NOD has been filed with respect to that decision on or after June 20, 2007; and the attorney or agent has complied with the power of attorney requirements in 38 C.F.R. § 14.631 and the fee agreement requirements in 38 C.F.R. § 14.636 (g). See 38 C.F.R. § 14.636(c).

When a claimant and an attorney or agent have entered into a fee agreement under which the total amount of the fee payable to the agent or attorney (i) is to be paid to the attorney by the Secretary directly from any past-due benefits awarded on the basis of the claim, and (ii) is contingent on whether the matter is resolved in a manner favorable to the claimant, the total fee payable to the attorney may not exceed 20 percent of the total amount of any past-due benefits awarded on the basis of the claim. A claim shall be considered to have been resolved in a manner favorable to the claimant if all or any part of the relief sought is granted. 38 U.S.C. § 5904(d); 38 C.F.R. § 14.636 (h)(1). The fees are payable to the attorney based on the amount of past-due benefits awarded regardless of the amount payable to the Veteran. See Rosinski v. Wilkie, 32 Vet. App. 264 (2020).

The term “past-due benefits” means a nonrecurring payment resulting from a benefit, or benefits, granted on appeal or awarded on the basis of a claim reopened after a denial by a VA agency of original jurisdiction or the Board or the lump sum payment that represents the total amount of recurring cash payments that accrued between the effective date of the award, as determined by applicable laws and regulations, and the date of the grant of the benefit by the agency of original jurisdiction, the Board, or an appellate court. 38 C.F.R. § 14.636(h)(1).

When the benefit granted on appeal, or as the result of the reopened claim, is service connection for a disability, the “past-due benefits” will be based on the initial disability rating assigned by the agency of original jurisdiction following the award of service connection. The sum will equal the payments accruing from the effective date of the award to the date of the initial disability rating decision. 38 C.F.R. § 14.636 (h)(1)(i).

In this case, in November 2013, the Board received an executed a VA Form 21-22 appointing the Appellant as the Veteran’s representative. The parties executed an attorney-client fee agreement at that time which provided a contingency fee provision, that the Appellant was entitled to 20 percent of any past-due benefits awarded to the Veteran.

In a November 2019 rating decision, the RO granted service connection for impairment of the right humerus (shoulder/arm) at a 20 percent rating effective October 3, 2017; service connection for right hip flexion at a non-compensable rating, effective October 3, 2017; and service connection for right hip impairment at a non-compensable rating effective October 3, 2017.

In November 2019, the RO notified the Veteran of the November 2019 rating decision and stated that the amount of past-due benefits pursuant to the grants in the November 2019 rating decision, amounted to $0.00 and therefore no attorney fees were withheld for the award since no retroactive amount was due to the Veteran. In other words, attorney fees were paid based on the cash amount payable to the Veteran. 

VA created an Award Print that reflects VA withheld past-due benefits due to a retired pay adjustment and the fact that the Veteran was receiving concurrent retired an disability pay. See Award Print (November 2019).

In the December 2019 VA Form 10182, Board NOD, the Appellant asserted that his attorney fees should be calculated based on the amount of award, not the cash payment of past due benefits the Veteran received.

The Board finds that the Appellant is entitled to attorney fees in the amount of the full 20 percent of past-due benefits awarded in the November 2019 rating decision. Although the Veteran’s cash payment was reduced due to his receipt of retired pay, the Appellant’s fee is not to be reduced. Instead, the Appellant is entitled payment of fees in the amount of the full 20 percent of past-due benefits awarded, regardless of the amount ultimately payable to the Veteran. The Court recently directly addressed this question and found that attorney fees were warranted in these situations. See Rosinski, 32 Vet. App. 264 (2020).

The Appellant is entitled to additional attorney fees to bring him to an amount equivalent to 20 percent of the past-due benefits awarded in the November 2019 rating decision. 

Accordingly, to this extent, the appeal is granted.

 

 

C.A. SKOW

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board N. Pendleton, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.